UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:22-CV-1682-X |
| § | |
| DANIEL BARRON JR. d/b/a ALL- § | |
| AROUND HVAC SERVICES, § | |
|    *Defendant*. § | |

### MEMORANDUM OPINION AND ORDER

The United States sued Daniel Barron Jr., d/b/a All Around HVAC Services, for failing to properly pay its employees' wages due under the Fair Labor Standards Act. Barron never answered the complaint, and the clerk entered a default. Having already obtained the clerk's default on liability, the United States now seeks a default judgment against Baron that includes a damages award [Doc. 15]. For the reasons below, the Court **GRANTS** the motion for default judgment.

### I. Background

The U.S. Department of Labor investigated and determined Barron failed to properly pay employees the wages due under the Fair Labor Standards Act (the "Act"). Barron signed a Form WH-56, agreeing to pay employees the wages due. But Barron failed to pay $3,909.89 of the wages due. The United States then sued for that amount as liquidated damages and seeks interest, non-payment penalties, and administrative costs (totaling $6,145.28 as of May 12, 2022).

After the United States filed this suit, it served Barron with the complaint and summons. Barron neither appeared nor answered. The United States then obtained

a clerk's default. And then it moved for a default judgment to assess damages. Baron never responded to this motion.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well pled allegations in a complaint.[1]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3]  Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

### III. Application

The Court deems the facts on liability to be admitted and finds Barron not to be incompetent or a minor.  While Rule 55 allows for hearings, it does not command them.  Here, the United States served Barron a copy of the motion for default judgment, notifying him of his duty to respond.  He has yet to respond.  The United States's motion is supported by an affidavit showing mathematical certainty for the damages requested.  As a result, a ruling without a hearing is proper.

#### A. Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors.  First, there are no material facts in dispute because Barron did not file any responsive pleading.  Second, regarding substantial prejudice, Barron's failure to respond could bring adversarial proceedings to a halt and substantially prejudice the United States, but not itself.  Third, Barron's continual failure to respond or participate in this ligation clearly establishes grounds for the default.  Fourth, regarding mistake or neglect, there is no

---

[3] *Id.*

[4] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

reason to believe Barron is acting under a good faith mistake or excusable neglect. Fifth, regarding the harshness of a default judgment, the judgment would grant a remedy the Fair Labor Standards Act expressly allows—liquidated damages.[5] Sixth, regarding whether the court would grant a motion to set aside the default, the pleadings, the lack of response, and, consequentially, the failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment. Thus, the Court concludes a default judgment is appropriate under these circumstances.

### B. Sufficiency of the Complaint

Next, the Court must assess the merits of the United States' claim considering its complaint. Although Baron, by virtue of his default, is deemed to have admitted the United States' well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[6] Section 16(c) of the Act allows the government to supervise the settlement of unpaid back wage claims on behalf of employees and bring an action to recover these amounts as well as an equal amount of unpaid back wages as liquidated damages. 29 U.S.C. § 216(c). The complaint alleges that after an investigation the government determined that Baron owed unpaid back wages to his employees under the Act and negotiated a settlement for Barron's employees in which Barron signed an agreement to pay two of its employees back wages totaling $3,909.89 by March 20, 2020. The complaint

---

[5] 29 U.S.C § 216(b).

[6] *Nishimatsu*, 515 F.2d at 1206.

also alleges that the terms of this agreement were that if Baron didn't pay the employees as agreed, then the amount owed would be payable to the government. Thus, the United States has shown that Barron owed unpaid back wages of $3,909.89 under the Act they remain unpaid.

### C. Statute of Limitations

When determining the amount of damages to award to the plaintiff in the final default judgment, the Court must decide whether to apply the statute of limitations applicable to Fair Labor Standards Act claims. Statute of limitations is ordinarily an affirmative defense the defendant must plead to avoid waiver.[7] Nonetheless, a court is well within its authority to apply the statute of limitations when calculating damages in an Fair Labor Standards Act default judgment.[8] However, the Fair Labor Standards Act's statute of limitations is not jurisdictional.[9] Because the statute of limitations does not implicate the Court's ability to adjudicate matters outside the time period, and the defendants effectively waived the affirmative defense by choosing to not participate in this case, the Court will not *sua sponte* apply the limitations period here. Here's why: if Barron cared to show up and defend this suit

---

[7] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988).

[8] *See Bell v. Able Sec. & Investigations*, 2011 WL 2550846, at * 2 (N.D. Tex. June 28, 2011) (Lindsay, J.) (entering default judgment in Fair Labor Standards Act action but limiting award of damages to three-year period for willful violation rather than awarding damages for entire period of employment).

[9] *Cf. Biziko v. Horne*, 2020 WL 7022384, *2–3 (5th Cir. Nov. 30, 2020) (determining that the "enterprise" element of the FLSA is not jurisdictional because it contains no jurisdictional language). The FLSA statute of limitations, contained in 19 U.S.C. § 255, similarly lacks jurisdictional language. And "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 3 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (internal quotation marks omitted)). Therefore, the statute of limitations is not jurisdictional here.

but did not raise the limitations defense, he would be on the hook for the entire amount in dispute. If instead he failed to show up but the Court raised the limitations defense at default, that incentivizes defendants to default and let the Court do their lawyering for them. The Court will therefore award damages for the entire time the government seeks employment.

### D. Damages

At the time of the complaint, Barron owed $3,909.89 in unpaid back wages as shown in the agreement, to which was added 1) $169.25 in interest (representing interest of 2% that accrues at $0.22 per day); 2) $496.18 in non-payment penalty (representing a 6% penalty that accrues at $0.64 per day); and 3) additional administrative fees of $1,569.96—totaling $6,145.28 plus any interest and nonpayment penalties until the judgment, plus costs. The default judgment motion seeks this amount, plus an additional $3,909.89 as liquidated damages to the United States, plus any interest at $0.22 per day, and nonpayment penalties at $0.64 per day until the judgment, plus costs and post-judgment interest.

Accordingly, the Court awards to the United States:

1. $3,909.89 in unpaid back wages;
2. $278.19 in interest ($233.53 in interest from May 9, 2022 to March 8, 2023 and $44.66 of interest for the 203 days from March 9, 2023 to today representing interest of 2% that accrues at $0.22 per day);
3. $818.92 in non-payment penalty (representing a 6% penalty that accrues at $0.64 per day, which is $689.00 from May 9, 2022 to March

       8, 2023 and $129.92 for the 203 days from March 9, 2023 to today);

4. $3,909.89 in liquidated damages; and

5. additional administrative fees of $1,569.96.

The total monetary damage award to the United States is $10,486.85. The United States provided its own affidavit detailing these calculations. Taken as true, these allegations are sufficient to establish the amount of unpaid wages, liquidated damages, interest, penalty, and administrative fees.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the United States' motion for default judgment against Barron. The Court awards the United States damages in the total amount of $10,486.85. By separate order, the Court will issue a final judgment. The Court further **ORDERS** the United States to file a motion to recover attorney's fees within 14 days of the issuance of the final judgment if it seeks attorney's fees.

**IT IS SO ORDERED** this 27th day of September, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE